*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONNY RETTMAN,

   Plaintiff-Appellant,

v

SANCTUARY AT MARIAN PLACE, also known as TRINITY CONTINUING CARE SERVICES,

   Defendant-Appellee.

UNPUBLISHED
November 26, 2019

No.  344439
Monroe Circuit Court
LC No.  17-140427-NO

Before:  CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendant in this premises liability action.  We affirm.

On February 13, 2014, at about 8:30 p.m., plaintiff slipped and fell on an icy sidewalk while walking to his apartment in a complex owned by defendant.  Plaintiff testified that he did not think it was completely dark outside and could not recall any problem seeing the route to his apartment.  Plaintiff admits that he did not look down at the sidewalk when he began walking, and did not see any ice until after he fell.  The responding officer, Brian Winsjansen, noted that there was obvious ice where plaintiff had fallen.  Plaintiff testified that three alternative routes to his apartment existed, but he did not testify that he had examined the alternative routes and found them unsafe.

Plaintiff sued defendant alleging general negligence.  After discovery, defendant filed a motion for summary disposition under MCR 2.116(C)(10).  The trial court granted defendant's motion on the ground that plaintiff failed to produce evidence demonstrating that the alternative routes available to him were unsafe.  Therefore, the ice was an open and obvious danger that was not effectively unavoidable.

On appeal, plaintiff argues that a genuine issue of material fact exists as to whether ice on defendant's sidewalk was effectively unavoidable.  We disagree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.

It is undisputed that the ice was open and obvious. The ice was visible, at least in the immediate area where plaintiff fell, according to the responding officer's report and plaintiff's own testimony. Therefore, defendant did not have a duty to warn or protect plaintiff unless a special aspect—an open and obvious yet still unreasonable or an effectively unavoidable danger—existed. See *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012).

Plaintiff argues that the ice was effectively unavoidable. But plaintiff testified that there were three alternative routes to his apartment and that he did not know the condition of those other routes. The only person who observed them was the responding police officer who reported that except for the area where plaintiff fell there had been "copious" salting. Plaintiff presented no evidence that anyone else had inspected the alternative routes on the day of the incident and found them unsafe. Thus, contrary to his argument, his case is not similar to the facts presented in *Lymon v Freedland*, 314 Mich App 746, 759-760; 887 NW2d 456 (2016). Plaintiff's reliance on a report generated by Corporal Herrick, who inspected the premises three days after plaintiff's fall, is misplaced. As the trial court concluded, Corporal Herrick's observations three days later had little, if any, probative value as to conditions on the day of the accident. Further, there was no evidence showing that plaintiff was unable to avoid the ice by simply stepping around it onto the grass. And we reject plaintiff's argument that because he was wearing an orthopedic boot it was not practical for him to seek an alternative route given the short distances involved.

In summary, the icy area was open and obvious and there was no evidence to establish a genuine issue of material fact as to whether the ice on defendant's sidewalk was effectively unavoidable.

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro